*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT CUYLER WEBER,

        Plaintiff-Appellee,

v

ANNETTE RENEE WYLER and STACEY ARTHUR WYLER,

        Defendants-Appellants,

and

WYLER MORTGAGE GROUP, LLC,

        Defendant.

UNPUBLISHED
April 13, 2026
11:11 AM

No. 376488
Leelanau Circuit Court
LC No. 2024-011333-CH

Before: O'BRIEN, P.J., and FEENEY and WALLACE, JJ.

PER CURIAM.

Defendants, Annette Renee Wyler and Stacey Arthur Wyler, appeal as of right an order granting summary disposition to plaintiff, Robert Cuyler Weber, under MCR 2.116(C)(9) and quieting title to certain real property in favor of him. The court also ordered defendants to pay plaintiff $17,069.20 in attorney fees and costs. We affirm.

Plaintiff bought the property at issue at a foreclosure sale. Annette and Stacy had previously owned the property, and they filed multiple lawsuits in an attempt to invalidate the foreclosure but lost those lawsuits and multiple appeals. Plaintiff eventually filed this action to quiet title and contended that Annette and Stacey had been harassing him and attempting to cloud title to his property. In their answer, defendants responded to only some of the allegations in plaintiff's complaint. Plaintiff, in turn, moved for summary disposition under MCR 2.116(C)(9) (failure to assert a valid defense), and the trial court granted the motion.

On appeal, Annette and Stacy contend that the trial court erred by granting summary disposition to plaintiff. However, they have waived this issue because they have not provided this

Court with the transcript of the summary-disposition hearing. As stated in *People v Anderson*, 209 Mich App 527, 535; 531 NW2d 780 (1995), "Normally, failure to provide this Court with the relevant transcript, as required by MCR 7.210(B)(1)(a), constitutes a waiver of the issue. This is because an appellate court is unable to review the party's objection and the trial court's reason for the decision." (Citation omitted.) The relevant order entered by the trial court states that it was granting plaintiff's motion for summary disposition "for the reasons stated on the record," and defendants did not file a written response to plaintiff's motion for summary disposition. Accordingly, the reasoning from *Anderson* is applicable—without a transcript or any written objections from defendants, we are "unable to review [defendants'] objections and the trial court's reason for the decision." *Anderson*, 209 Mich App at 535. See also *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 151-152; 715 NW2d 398 (2006) ("[T]his Court will refuse to consider issues for which the appellant failed to produce the transcript.").

At any rate, the record as it exists fully supports the trial court's decision. Plaintiff moved for summary disposition under MCR 2.116(C)(9), which states that summary disposition is appropriate if "[t]he opposing party has failed to state a valid defense to the claim asserted against him or her." MCR 2.111(E)(1) states, "Allegations in a pleading that requires a responsive pleading, other than allegations of the amount of damage or the nature of the relief demanded, are admitted if not denied in the responsive pleading." A complaint requires a responsive pleading. MCR 2.110(B)(1).

Plaintiff filed an eight-page complaint with 53 numbered allegations. In their answer to plaintiff's complaint, defendants responded to ¶¶ 1 through 27 but did not respond to ¶¶ 28 through 53. Significantly, plaintiff set forth his causes of action in ¶¶ 29 through 53. In ¶ 30, plaintiff flatly stated that "Plaintiff owns Plaintiff's Parcel in fee simple absolute."

In light of these circumstances, even assuming that Annette and Stacey had not waived the issue by failing to provide the transcript of the summary-disposition hearing, the trial court did not err by granting summary disposition to plaintiff.

Annette and Stacey also raise a discovery issue on appeal, arguing that the court improperly quashed certain subpoenas. They have waived this issue also, however, by failing to provide the transcript of the pertinent hearing. Even if we were to address the issue, it would be without merit because further discovery did not stand a reasonable chance of providing support for Annette and Stacey's position, see *Babi v Estate of Herman*, 349 Mich App 581, 588; 29 NW3d 168 (2023), because they effectively admitted to the allegations against them, see MCR 2.111(E)(1).

Annette and Stacey additionally contend that the trial judge should have been disqualified. Annette argued below, and continues to argue on appeal, that the trial judge should be disqualified in part because he committed perjury at a hearing on January 29, 2025. There is no record of a hearing taking place on January 29, 2025, and, at any rate, Annette and Stacey have yet again not provided the pertinent transcript. The judge declined to disqualify himself "for the reasons stated on the record," and without a transcript, we are once again unable to review that decision. But,

later, an assigned judge conducted a de novo review of the record.[1] He stated that Annette's reasons for seeking disqualification were "mystical and difficult to understand" and based on "speculation, hearsay, disagreements with [the trial judge's] prior ruling[s] in some prior cases, and ill-contrived conspiracies combined with misapplied legalease." The assigned judge found that there was absolutely no evidence of any bias or appearance of bias and sanctioned Annette for bringing a frivolous motion.

There is a presumption of judicial impartiality, and a party has a heavy burden to overcome this presumption. *TT v KL*, 334 Mich App 413, 431; 965 NW2d 101 (2020). MCR 2.003(C)(1) states, in part:

> Disqualification of a judge is warranted for reasons that include, but are not limited to, the following:
>
> (a) The judge is biased or prejudiced for or against a party or attorney.
>
> (b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, [556 US 868]; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.

Canon 2(a) of the Michigan Code of Judicial Conduct states:

> Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. A judge must expect to be the subject of constant public scrutiny. A judge must therefore accept restrictions on conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly.

Disqualification may be warranted if a judge has a greater than *de minimis* interest that could be affected by the proceedings. *TT*, 334 Mich App at 432. Judicial rulings are only a basis for disqualification if they demonstrate heavy bias or deep-seated favoritism. *Id*.

The denial of the motion for recusal was not an abuse of discretion. Despite their assertions on appeal, Annette and Stacey have provided no record evidence of any perjury on the part of the trial judge, and there is no evidence of any other misconduct, bias, or connections that could lead to the appearance of bias. Annette and Stacy are once again basing their recusal argument on "speculation, hearsay, disagreements with [the trial judge's] prior ruling[s] . . . and ill-contrived conspiracies combined with misapplied legalease."

In summary, reversal is unwarranted. It is abundantly clear that Annette and Stacey are grasping at straws and raising any conceivable argument, frivolous or not, to try to regain

---

[1] The written decision issued by this assigned judge provides a sufficient basis for appellate review, so we decline to deem this issue waived because of the lack of transcripts.

possession of their previous property, despite many court rulings that have been issued against them.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney
/s/ Randy J. Wallace